**RECOLD CORPORATION, a corporation, Plaintiff,**

v.

**David A. NURSE, dba David A. Nurse Company, and Hugh Robinson & Sons, a corporation, Defendants.**

No. 1061–61.

United States District Court
S. D. California,
Central Division.

June 18, 1964.

Lyon & Lyon, Lewis E. Lyon, Los Angeles, Cal., for plaintiff.

Miketta, Glenny, Poms & Smith, William Poms, G. P. Smith, Los Angeles, Cal., for defendants.

MEMORANDUM OPINION

CURTIS, District Judge.

This is an action for patent infringement of which this court has jurisdiction under Title 28 U.S.C. § 1338(a). Plaintiff claims as licensee under the patent of L. K. Quick, No. 2,953,906, which relates to a "refrigeration apparatus and more particularly to improvements in the manner of returning gaseous and liquid refrigerant to the compressor of such apparatus during hot gas defrosting operations". (see patent)

It appears that there is in general use in commercial and industrial refrigeration a hot gas defrost system by which means hot gas refrigerant, during the defrost operation, is piped from the compressor direct to the evaporator or cooling coil, thus producing a rapid means of defrost. In such a system the refrigerant is returned to the compressor as partially gas and partially liquid. The latter, if unrestricted, often reaches the compressor in such quantities as will cause serious damage to it. In order to prevent "slugging", as it is called in the trade, Quick inserted in the suction line between the evaporator and the compressor an accumulator, or trap, by which gas and liquid refrigerant were separated, the gas refrigerant being permitted to return in unrestricted flow, but the liquid refrigerant being restrained and induced into the suction line at a controlled rate, sufficiently slow as not to cause a "slugging" of the compressor.

It must be conceded that all elements of the Quick device are old and were well known in the prior art when Quick filed his application for patent. Furthermore, it appears that others before Quick have by means of a similar trap separated liquid and gas refrigerant and have metered the liquid refrigerant into the suction line at a controlled rate sufficiently small as not to cause damage

to compressor. Plaintiff contends, however, that the Quick device is novel in that the liquid refrigerant is metered into the suction line in such quantities as will permit it to return to the compressor "without substantial re-evaporation", whereas the prior art teaches that it must be reintroduced in such quantities and under such conditions as will produce complete evaporation of the refrigerant before it reaches the compressor.

The prior art produced here does not support such a contention.

An article in "Refrigerating Engineering" appearing in its March 1951 edition, written by Thomas H. Hart, entitled "Hot Gas Defrosting in Commercial Refrigeration", in discussing the slugging problem says:

"In actual operation there will be no question whether or not liquid is reaching the compressor for if it does the compressor will rattle and thump and dance with awe inspiring convulsions. On the other hand, a properly engineered job will not produce a flicker at the compressor."

\* \* \* \* \* \*

"It is probable that the slow speed and wide cylinder head clearance of the conventional, open type compressors allowed the passage of minute droplets of liquid refrigerant but these cannot be handled by the newer, high speed sealed or semisealed compressors because of the much closer clearance and tolerance involved."

It would appear from this article that in March 1951 it was known that small quantities of liquid refrigerant could be taken into the compressor without damage, if the system were properly engineered, and provided the compressors were slow speed with wide cylinder head clearance.

Furthermore, the patent of Charles F. Kettering issued October 30, 1934, admitted as one of the exhibits (II), covering a trap not unlike that to which the Quick patent relates, states in describing the operation of its device in the specifications contained in the patent:

"A slight amount of liquid refrigerant is allowed to pass through the drain 37 and is picked up by the gaseous refrigerant and is carried to the compressor 10. The size of the drain 37 is such that the amount of liquid refrigerant passing through the pipe 30 is either insufficient to harm the compressor 10 or to cause it to operate noisily, and, in fact, the amount of liquid refrigerant may be so slight, that it is evaporated entirely by atmospheric heat in the pipe 30 before it reaches the compressor 10."

It would appear, therefore, that the Quick invention does not possess the novelty required to make it valid. I, therefore, hold that the Quick patent is invalid.

Having found the Quick patent invalid, it is unnecessary to determine the question of infringement.

Defendants' request for attorneys' fees is denied, but defendants shall have their costs of suit.

Attorneys for the defendants will prepare findings of fact, conclusions of law and judgment.